# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 195 | **DATE** | July 22, 2011 |
| **CASE TITLE** | BARTLETT v. WOODFIELD CHEVROLET, INC. | | |

**DOCKET ENTRY TEXT:**

Defendants' 12(b)(6) motion as to Zeigler Chevrolet-Schaumburg, LLC [24] is denied.

## STATEMENT

  In an amended complaint, Theresa Bartlett ("Bartlett" or "Plaintiff") sued her former employer, Woodfield Chevrolet, Inc. ("Woodfield"), and another entity, Zeigler Chevrolet-Schaumburg, LLC ("Zeigler"). She claims that she was demoted and ultimately terminated as a Service Advisor at Woodfield based on her gender, in violation of Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000 *et seq.* Defendants argue that Plaintiff has failed to properly state a claim against the latter entity, Zeigler. The 12(b)(6) motion is denied.

  Plaintiff pursues Zeigler on a theory of successor liability. There is a special federal common law doctrine of successor liability when federal rights are implicated. *EEOC v. G-K-G, Inc.*, 39 F.3d 740, 747-48 (7th Cir. 1994). At issue here are the requirements for pleading this special doctrine.

  Citing *G-K-G*, Plaintiff contends that she need only plead two elements: 1) that the successor had pre-acquisition notice of the claim of violation of federal right; and 2) that there is "substantial continuity in the operation of the business." *Id.* at 748.

  Defendants effectively concede that the two elements from *G-K-G* are well-pled, but Defendants counter with *Worth v. Tyer*, 276 F.3d 249 (7th Cir.2001) (citing *EEOC v. Vucitech*, 842 F.2d 936 (7th Cir. 1988)). *Worth* quotes *Vucitech* as follows: "When the successor company knows about its predecessor's liability, knows the precise extent of that liability, and *knows that the predecessor itself would not be able to pay a judgment obtained against it,* the presumption should be in favor of successor liability . . . ." *Worth*, 276 F.3d at 260 (quoting *Vucitech*, 842 F.2d at 945) (emphasis added).

  Defendants argue that the emphasized language amounts to a third element which has not been pled

| STATEMENT |
|---|

here. However, this language appears to be a consideration of the facts of that specific case, not a recitation of the necessary principles for pleading successor liability in federal rights cases. *See Vucitech*, 842 F.2d at 945 (analyzing facts of case). Indeed, the more recent circuit court cases cite the *G-K-G* two-element formulation, and not *Vucitech*. *See, e.g., Feinberg v. RM Acquisition, LLC*, 629 F.3d 671, 674 (7th Cir. 2011) ("[W]hen a claim arising from a violation of federal rights is involved, the courts allow the plaintiff to go against the purchaser of the violator's business even if it is a true sale . . ., *provided that two conditions are satisfied.* The first is that the successor had notice of the claim before the acquisition . . . . The second condition is that there be substantial continuity in the operation of the business before and after the sale, and is satisfied if no major changes are made in that operation." (emphasis added, quotations omitted)); *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 598 (7th Cir. Ind. 2006) (same).

For pleading purposes, Plaintiff has alleged enough to keep Zeigler in the case under a successor liability theory. Defendant Zeigler's motion to dismiss is DENIED.